UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE CHEYNEY | ) |
| Plaintiff, | ) |
| v. | ) |
| 10300 SPRAGUE RD, LLC<br>d/b/a KOSTA AND VIC'S FAMILY<br>RESTAURANT,<br>GEORGE KAFANTARIS, and<br>SOFIA KAFANTARIS | ) |
| Defendants. | ) **JURY DEMAND**<br>**ENDORSED HEREON** |

## COMPLAINT

Plaintiff Stephanie Cheyney ("Plaintiff") alleges as follows for her Complaint against Defendants 10300 Sprague Rd., LLC d/b/a Kosta and Vic's Family Restaurant ("Kosta and Vic's"), George Kafantaris, and Sofia Kafantaris (collectively, "Defendants"):

1. Defendants employed Plaintiff as a server.

2. Defendants' revenues exceed $500,000 per year.

3. Kosta and Vic's is an enterprise engaging in interstate commerce.

4. Kosta and Vic's obtains some of its supplies, materials, equipment, and parts from outside of Ohio.

5. George Kafantaris is an owner and manager of Kosta and Vic's.

6. Sofia Kafantaris is a manager of Kosta and Vic's.

7. George Kafantaris acted directly or indirectly in the interest of Kosta and Vic's in relation to Plaintiff.

8. Sofia Kafantaris acted directly or indirectly in the interest of Kosta and Vic's in relation to Plaintiff.

9. George Kafantaris had operational control of Kosta and Vic's.

10. Sofia Kafantaris had operational control of Kosta and Vic's.

11. George Kafantaris was involved in the day-to-day operation of Kosta and Vic's, had some direct responsibility for the supervision of Plaintiff, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Plaintiff.

12. Sofia Kafantaris was involved in the day-to-day operation of Kosta and Vic's, had some direct responsibility for the supervision of Plaintiff, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Plaintiff.

13. Defendants had an economic interest in not paying Plaintiff minimum wage for all hours worked.

14. Defendants had an economic interest in not paying Plaintiff time and a half overtime wages for all hours worked over forty in a workweek.

15. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*.

16. This Court has personal jurisdiction over the parties to this action.

17. Venue is proper in the Northern District of Ohio, Eastern Division because Defendants conducted activity in this district and because part of the claim for relief arose in this district.

18. Plaintiff consents to become a party plaintiff in this action and has attached her written consent hereto as Exhibit A.

19. Defendants were the employers of Plaintiff.

20. Plaintiff began working for Defendants on or about June 5, 2017.

21. Defendants paid Plaintiff at an hourly rate of only $2.50 per hour, significantly less than Ohio's 2017 tipped-employee minimum wage of $4.08 per hour.

22. In addition, Defendants withheld six hours of pay every two weeks from Plaintiff for alleged "smoking breaks."

23. Plaintiff took only occasional smoking breaks and Plaintiff never took a smoking break that lasted for twenty minutes or longer, so Defendants were not permitted to deduct any time whatsoever for any of Plaintiff's smoking breaks.

24. Plaintiff had regular customers who left large tips but Defendants often kept these tips.

25. Defendants also kept other tips.

26. Plaintiff confronted George Kafantaris about these stolen tips on at least four separate occasions, and during each confrontation George Kafantaris claimed that he had made "a mistake."

27. Even with tips, Plaintiff earned less than $7.25 per hour.

28. Defendants forced Plaintiff to pay for "mistakes." For example, if Plaintiff wrote an order with inaccuracies (such as an accidentally omitted item) then Plaintiff was forced to repay the full amount plus tax from her own wages.

29. Defendants told Plaintiff that if she made any additional mistakes that she was required to pay for the mistake plus an additional two-times the cost of the mistake, effectively making Plaintiff pay for it three separate times.

30. Plaintiff did not earn time-and-a-half overtime wages for weeks in which she worked over forty hours in a workweek.

31. Instead, Defendants paid Plaintiff only straight time wages (minus illegal deductions) for her hours worked over forty in a workweek.

32. Plaintiff demanded that Defendants provide her with her time cards so that she could verify that she was being paid at least some wages for each hour that she worked, but Defendants refused to provide her with the requested time cards.

33. Plaintiff complained to Defendants about their illegal wage payments.

34. After Plaintiff complained about her wages, Defendants told Plaintiff that she could either accept the wages that they paid her or she could quit.

35. Defendants illegally applied a tip credit to Plaintiff's wages for one or more of the following reasons: (a) Management withheld tips, and kept such tips for itself, from Plaintiff and other tipped employees; (b) Defendants illegally deducted from Plaintiff's wages for smoke breaks; (c) Defendants illegally deducted from Plaintiff's wages for "mistakes"; (d) Defendants paid Plaintiff less than the tipped-employee minimum wage (and the regular minimum wage even with tips); and (e) Defendants did not pay Plaintiff time-and-a-half overtime wages for her hours worked over forty in a workweek.

36. George Kafantaris made an inappropriate sexual advance against Plaintiff.

37. Plaintiff rejected this inappropriate and offensive sexual advance.

38. After this rejection, Defendants hired a younger employee named Anna.

39. After Anna was hired, Defendants cut Plaintiff's hours and gave Anna many of these hours.

40. Upon information and belief, Defendants cut Plaintiff's hours because she refused to agree to George Kafantaris's inappropriate sexual advances and sexual harassment.

41. During Plaintiff's employment, one of Plaintiff's co-workers informed Defendants that Plaintiff had hired an attorney to represent her regarding Defendants' illegal actions.

42. After the co-worker informed Defendants that Plaintiff had hired an attorney, Defendants closed the restaurant early that day and held a meeting with all employees, excluding the Waitress Manager and one waitress, both of whom were apparently unavailable.

43. During this meeting, Defendants told the employees that if they didn't like what Defendant paid then they could get a different job.

44. During the meeting, Sofia Kafantaris told plaintiff "Bitch, if you want to record me, you have to tell me by law that my voice is being recorded."

45. During the meeting, Sofia Kafantaris also accused Plaintiff of "taking from [Sofia's] kids' livelihoods," apparently oblivious to the hypocrisy of this statement.

46. In addition, during this meeting, George Kafantaris screamed in Plaintiff's face.

47. Defendants made Plaintiff's working conditions so difficult and unpleasant that a reasonably cautious, careful, or prudent person under the same or similar circumstances would feel compelled to resign.

48. On or about October 20, 2017, Plaintiff was constructively discharged.

49. Plaintiff has hired the undersigned counsel and has agreed to pay reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

## COUNT I
## UNPAID MINIMUM WAGE

50. Plaintiff re-alleges each allegation set forth in paragraphs 1-49 above.

51. Defendants are required to comply with the minimum wage requirements set forth in the Ohio Constitution, the Ohio Revised Code, and the Fair Labor Standards Act 29 U.S.C. Sections 201, *et seq*.

52. Defendants have violated Section 34a, Article II of the Ohio Constitution, Ohio Revised Code Section 4111.14, and the Fair Labor Standards Act by not paying Plaintiff at least minimum wages for all hours worked.

53. Plaintiff has been damaged by Defendants' nonpayment of minimum wages.

54. Plaintiff is entitled to liquidated damages of two times her unpaid overtime damages pursuant to the Fair Labor Standards Act.

55. Defendants are liable for the costs and reasonable attorney's fees of Plaintiff pursuant to the Fair Labor Standards Act and Section 34a of Article II of the Ohio Constitution.

## COUNT II
## UNPAID OVERTIME WAGES

56. Plaintiff re-alleges each allegation set forth in paragraphs 1-55 above.

57. Defendants are required to comply with the overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

58. Defendants have violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff time-and-a-half overtime wages for all hours over forty in a workweek.

59. Defendants' conduct with regard to not paying time-and-a-half overtime wages to Plaintiff was willful.

60. Plaintiff has been damaged by Defendants' nonpayment of overtime wages.

61. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

62. Defendants are liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT III
### SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

63. Plaintiff re-alleges each allegation set forth in paragraphs 1-62 above

64. Plaintiff brings this action under Ohio Revised Code Sections 4112.02 and 4112.99.

65. George Kafantaris sexually harassed Plaintiff while she was employed by Defendants.

66. Plaintiff was subjected to a hostile work environment by Defendants.

67. Plaintiff was constructively discharged due to the sexual harassment and hostile work environment.

68. No reasonable person of ordinary sensibilities would have continued working in the face of such sexual harassment and hostile work environment.

69. Plaintiff has been damaged by Defendants' sexual harassment and hostile work environment.

70. Defendants' conduct is the cause of Plaintiff's damages.

71. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT IV
### SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### Under Common Law

72. Plaintiff re-alleges each allegation set forth in paragraphs 1-71 above.

73. George Kafantaris sexually harassed Plaintiff while she worked for Defendants.

74. Kosta and Vic's and Sofia Kafantaris knew or should have known that George Kafantaris posed an unreasonable risk of harm to other workers such as Plaintiff.

75. Plaintiff was subjected to a hostile work environment by Defendants.

76. Plaintiff was constructively discharged due to the sexual harassment and hostile work environment.

77. No reasonable person of ordinary sensibilities would have continued working in the face of such sexual harassment and hostile work environment.

78. Plaintiff has been damaged by Defendants' sexual harassment and hostile work environment.

79. Defendants' conduct is the cause of Plaintiff's damages.

80. Defendants' acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT V
## RETALIATION

81. Plaintiff re-alleges each allegation set forth in paragraphs 1-80 above.

82. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(J) and 4112.99.

83. Plaintiff engaged in statutorily protected activity by opposing Defendants' unlawful employment practices.

84. Plaintiff suffered an adverse employment action by being constructively discharged.

85. The adverse employment action that Plaintiff suffered would be materially adverse to a reasonable employee and would persuade a reasonable worker not to make or support a charge of discrimination.

86. There is a causal link between Plaintiff's protected opposition and her termination.

87. Plaintiff has been damaged by Defendants' retaliation.

88. Defendants' conduct is the cause of Plaintiff's damages.

89. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT VI
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

90. Plaintiff re-alleges each allegation set forth in paragraphs 1-90 above.

91. A clear public policy prohibiting retaliation against an employee who consults an attorney exists in Section 16, Article I of the Ohio Constitution and in the common law.

92. Permitting Plaintiff's constructive discharge places in jeopardy clear public policies set forth in Section 16, Article 1 of the Ohio Constitution and in the common law.

93. Defendants lacked an overriding business justification for the discharge of Plaintiff.

94. Plaintiff has been damaged by Defendants' wrongful discharge.

95. Defendants' wrongful discharge is the cause of Plaintiff's damages.

96. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT VII
## FAILURE TO PRODUCE RECORDS

97. Plaintiff re-alleges each allegation set forth in paragraphs 1-96 above.

98. On October 18, 2017, a person acting on behalf of Plaintiff sent a request to Defendants for documents and records required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

99. Defendants received the request for documents and records regarding Plaintiff that are required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

100. Defendants failed to provide any documents or records in response to the request.

101. Plaintiff may bring this action pursuant to Ohio Revised Code Section 4111.14(K).

102. Defendants are liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Section 34(a) of Article II of the Ohio Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants for her unpaid minimum and overtime wages, liquidated damages, her back pay, front pay, lost wages, lost bonuses, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*